COURT OF APPEALS
DECISION
DATED AND FILED

February 24, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1613-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF3526

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

AKEEM DOMINIQUE HUDSON,

    DEFENDANT-APPELLANT.

 

      APPEAL from a judgment and an order of the circuit court for Milwaukee County: MICHAEL J. HANRAHAN and MICHELLE A. HAVAS, Judges. *Affirmed*.

      Before White, C.J., Colón, P.J., and Donald, J.

      **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Akeem Dominique Hudson appeals a judgment convicting him of seven crimes. He contends that his trial counsel improperly conceded guilt on the misdemeanor count of resisting arrest. He also appeals from the postconviction order denying his motion for relief.[1] Upon review, we affirm.

## BACKGROUND

¶2     The State charged Hudson with six felonies and, relevant to this appeal, one misdemeanor count of resisting an officer. The complaint alleged that on October 2, 2020, members of a federal fugitive task force were searching for Hudson, who had a warrant for a domestic violence offense. Federal marshals located Hudson at a Milwaukee residence and boxed in his car when he tried to drive away. Hudson exited his car through the passenger door and led the marshals on a foot chase until he was caught. The marshals recovered one firearm that Hudson dropped during the chase, and amongst other things, another firearm, a digital scale, and a box of .40-caliber ammunition from Hudson's vehicle.

¶3     The matter proceeded to trial, where the State presented evidence consistent with the facts alleged in the complaint. During the closing arguments, Hudson's trial counsel conceded guilt on the misdemeanor resisting arrest count, stating, "I'm telling you right now you don't really have to consider Count 7, resisting an officer, because we will admit that." The jury found Hudson guilty of all seven crimes. The trial court sentenced Hudson to a global sentence of seven years of initial confinement followed by six years of extended supervision.

---

[1] The Honorable Michael J. Hanrahan presided over the jury trial and entered the judgment of conviction; we refer to Judge Hanrahan as the trial court. The Honorable Michelle A. Havas presided over the postconviction hearing and entered the order denying Hudson's postconviction motion; we refer to Judge Havas as the postconviction court.

¶4      Hudson filed a postconviction motion for an evidentiary hearing arguing that he was deprived of his constitutional right to autonomy when his trial counsel conceded his guilt on the misdemeanor charge though Hudson claimed he advised his counsel not to concede to any of the charges. The postconviction court held an evidentiary hearing where both trial counsel and Hudson testified.

¶5      At the hearing on the motion, Hudson's trial counsel testified that he had no memories of specific discussions with Hudson; that if conflicts generally arise with clients, he either withdraws or follows the requested strategy; and that he did not recall any conflict over strategy.

¶6      Hudson testified that he told counsel he was not guilty of any charge, that counsel did not discuss with him in advance the strategy of conceding the misdemeanor count, and that he would not have consented to that strategy.

¶7      The postconviction court denied Hudson's motion, finding that neither trial counsel nor Hudson had any clear recollection of the trial strategy and the record did not support that Hudson clearly asserted his desire to maintain his innocence on the misdemeanor count. This appeal follows.

## DISCUSSION

¶8      On appeal, Hudson maintains his claim that trial counsel inappropriately conceded his guilt on the misdemeanor count, in violation of *McCoy v. Louisiana*, 584 U.S. 414 (2018). He contends that the error was structural, warranting a new trial. We disagree.

¶9      "In *McCoy*, the [United States Supreme] Court held that trial counsel cannot concede a client's guilt when a client expressly asserts that the objective of the defense is to maintain innocence and the client objects to the concession of

3

guilt." ***State v. Chambers***, 2021 WI 13, ¶2, 395 Wis. 2d 770, 955 N.W.2d 144. "[T]his error is structural, and one for which a new trial is required." ***Id.*** "[T]o succeed on a ***McCoy*** claim, the defendant must show that he or she expressly asserted that the objective of 'his defence' is to maintain innocence of the charged criminal acts and the lawyer did not 'abide by that objective and overrode it by conceding guilt.'" ***Chambers***, 395 Wis. 2d 770, ¶20 (citation modified).

¶10    In ***McCoy***, the Supreme Court noted that the record contained "express statements of the client's will to maintain innocence." ***Id.***, 584 U.S. at 424. Here, the record is devoid of any indication that Hudson objected to trial counsel's concession. Although Hudson asserts that he did not want to concede guilt on any of the counts, including the misdemeanor count, the record does not show that Hudson made any effort to articulate that objection. While Hudson was not required to cause a scene during closing arguments or even make a contemporaneous objection, ***McCoy*** requires an "express objection." ***Id.*** at 427. The record here does not show any semblance of an express objection.

¶11    Moreover, as the postconviction court noted, neither Hudson nor counsel could specifically recall a conversation about trial strategy; indeed, neither could specifically recall much of their interactions at all. Hudson admitted that he told trial counsel that he exited the car and ran, but that he still maintained his innocence. Trial counsel testified that if he and a client disagree over strategy, he either withdraws or proceeds with the client's wishes. Trial counsel clearly did not withdraw and this record does not show that Hudson "adamantly objected to any admission of guilt." ***Id.*** at 417. Consequently, we agree with the postconviction court that Hudson has not established a ***McCoy*** violation.

4

¶12 For the foregoing reasons, we affirm the judgment of conviction and the order denying Hudson's postconviction motion for relief.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).